T.C. Summary Opinion 2012-96

UNITED STATES TAX COURT

BRANDON DEAN MORRIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23655-09S.                    Filed September 25, 2012.

Brandon Dean Morris, pro se.

<u>Ardney J. Boland, III</u>, for respondent.

SUMMARY OPINION

GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code in effect for the years at issue, and all Rule references are to the Tax Court

(continued...)

to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioner's Federal income tax of $30,064[2] and $19,466 for 2006 and 2007, respectively. Respondent also determined a section 6651(a)(1) failure to timely file addition to tax of $1,503 for 2006 as well as section 6662(a) accuracy-related penalties of $6,013 and $3,893 for 2006 and 2007, respectively. After concessions,[3] the issues remaining for decision are:

(1) whether petitioner is entitled to disputed deductions claimed on Schedule C, Profit or Loss From Business, for car and truck expenses of $51,320 and $36,194 for 2006 and 2007, respectively. We hold that he is not entitled to the disputed car and truck expense deductions for 2006 but is entitled to $3,033 of the disputed car and truck expense deductions for 2007;

---

[1](...continued)
Rules of Practice and Procedure.

[2]All dollar amounts are rounded to the nearest dollar.

[3]After trial respondent conceded that petitioner is entitled to additional deductions above those already allowed, totaling $538 and $15,783 for 2006 and 2007, respectively. These concessions will affect the amounts of the sec. 6651(a)(1) addition to tax and the sec. 6662(a) penalties.

(2) whether petitioner is entitled to disputed Schedule C deductions for travel expenses of $24,000 and $10,062 for 2006 and 2007, respectively. We hold that he is entitled to $1,950 of the disputed travel expenses for 2006 and $73 of the disputed travel expenses for 2007;

(3) whether petitioner is entitled to disputed Schedule C deductions for meal and entertainment expenses of $9,955 and $1,887 for 2006 and 2007, respectively. We hold that he is not;

(4) whether petitioner is entitled to a section 163 mortgage interest deduction for 2007 in excess of the $874 respondent already allowed. We hold that he is not;

(5) whether petitioner is liable for the section 6651(a)(1) failure to timely file addition to tax for 2006. We hold that he is; and

(6) whether petitioner is liable for section 6662(a) accuracy-related penalties for 2006 and 2007. We hold that he is.

Background

At the time the petition was filed, petitioner resided in Oklahoma.

1. Section 162 Business Expense Deductions

During the years at issue petitioner worked as an independent contractor for Total Impact Services, Inc. (Total Impact). Petitioner's job involved traveling to

various locations throughout the United States to "re-merchandise" goods in venues such as Lowe's or Home Depot. This work entailed adding new products, putting up new displays, and rearranging current merchandise to catch the eye of customers. During the years at issue petitioner's significant other (now his wife), Brandi Tarwater, was also employed by Total Impact and frequently traveled with petitioner across the country.

Total Impact did not pay or reimburse petitioner for automobile, meal and entertainment, or travel expenses he incurred because of his work. Facts regarding the various expenses are discussed infra.

A. Car and Truck Expenses

On his 2006 and 2007 tax returns petitioner claimed that he and Ms. Tarwater[4] drove 152,250 miles in 2006 and approximately 92,100 miles in 2007 because of their jobs with Total Impact. Petitioner claimed corresponding deductions of $67,751 and $44,664 for 2006 and 2007, respectively. In the notice of deficiency respondent allowed $16,431 of petitioner's reported 2006 car and truck expenses but allowed none of the reported 2007 car and truck expenses. After

---

[4]When petitioner and Ms. Tarwater traveled together, they used only one vehicle.

reviewing evidence produced before and during the trial, respondent conceded $8,470 of the reported 2007 expenses, but no additional expenses for 2006.

B. Travel Expenses

Because of his work travel, petitioner often spent nights in hotels. Petitioner claimed $27,929 and $14,185 in travel expense deductions on his 2006 and 2007 Schedules C, respectively. In the notice of deficiency respondent allowed $3,391 of petitioner's reported 2006 travel expenses but allowed none of the reported 2007 travel expenses. After reviewing evidence produced both before and during trial, respondent conceded an additional $538 and $4,123 of the reported 2006 and 2007 expenses, respectively.

C. Meal and Entertainment Expenses

Petitioner often ate meals at restaurants while traveling for work. Petitioner and Ms. Tarwater also engaged in various recreational activities while traveling, such as going to the movies or visiting parks which charged an admittance fee.

Petitioner claimed $13,331 and $5,077 in meal and entertainment expense deductions on his 2006 and 2007 Schedules C, respectively. In the notice of deficiency respondent allowed $3,376 of petitioner's reported 2006 meal and entertainment expenses but allowed none of the reported 2007 meal and entertainment expenses. After reviewing evidence produced before and during trial,

respondent conceded $3,190 of the reported 2007 expenses, but no additional expenses for 2006.

## 2. Section 163 Mortgage Interest Deduction

On his 2007 Schedule A, Itemized Deductions, petitioner claimed a mortgage interest deduction of $4,129. In the notice of deficiency respondent allowed a mortgage interest deduction of only $874. In support of the claimed deduction petitioner introduced a Form 1098, Mortgage Interest Statement, and a timeshare agreement. The Form 1098 listed petitioner, John D. Morris, and Denise R. Morris as the borrowers[5] and reflected $4,390 in total interest, points, and mortgage insurance premiums paid. The timeshare agreement was unsigned but listed petitioner and Ms. Tarwater as owners. Ms. Tarwater's credit card information was listed on the timeshare agreement page entitled "Authorization for Auto Pay".

## 3. Additional Information

Petitioner received an extension to October 15, 2007, to file his 2006 Federal tax return. However, petitioner did not sign or mail his self-prepared return until October 16, 2007. Petitioner timely filed his 2007 return, which was prepared by a

---

[5]The relationship between petitioner, John D. Morris, and Denise R. Morris was not established.

certified public accountant. On June 30, 2009, respondent issued a notice of deficiency to petitioner for 2006 and 2007. Petitioner timely filed a petition contesting the deficiencies, addition to tax, and penalties.

## Discussion

### I. Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and taxpayers bear the burden of proving that the Commissioner's determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they have met all requirements necessary to be entitled to the claimed deductions. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Petitioner has not argued that section 7491(a) applies in this case, and the record does not support a conclusion that the requirements of section 7491(a) have been met. Petitioner therefore bears the burden of proof.

### II. Section 162 Business Expense Deductions

Section 162 allows a deduction for all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business. The determination of whether an expenditure satisfies the requirements of

section 162 is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Taxpayers are required to maintain records sufficient to establish the amounts of allowable deductions and to enable the Commissioner to determine the correct tax liability. Sec. 6001; Shea v. Commissioner, 112 T.C. 183, 186 (1999). No deduction is allowed for personal, living, and family expenses. Sec. 262(a). Certain expenses described in section 274 are subject to strict substantiation rules. No deduction under section 162 shall be allowed for, among other things, travel expenses, entertainment, gifts, and expenses with respect to "listed property" defined in section 280F(d)(4) "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement": (1) the amount of the expense or other item; (2) the time and place of the travel, entertainment, or use, or date and description of the gift; (3) the business purpose of the expense or other item; and (4) in the case of entertainment or gifts, the business relationship to the taxpayer of the recipients or persons entertained.[6] Sec. 274(d).

---

[6]"We may not use the Cohan doctrine * * * to estimate expenses covered by section 274(d)." Hough v. Commissioner, T.C. Memo. 2006-58, slip op. at 4.

Passenger automobiles and any other property used as a means of transportation are generally "listed property" as defined by section 280F(d)(4). Secs. 274(d)(4), 280F(d)(4)(A)(i) and (ii). Accordingly, with certain exceptions (none of which petitioner has shown he meets), taxpayer's claiming deductions for car and truck expenses must satisfy the strict substantiation requirements of section 274.

Section 1.274-5A(c)(5), Income Tax Regs., exempts taxpayers from the strict substantiation requirements when there is a loss of records beyond their control. Although petitioner testified that some of his records were destroyed as a result of water damage to a storage unit, he offered no other evidence (such as photographs, insurance claims, or corroborating testimony) that such records were indeed destroyed. We thus find that section 1.274-5A(c)(5), Income Tax Regs., does not apply in this case. We proceed to determine whether the records petitioner produced are sufficient for us to sustain certain deductions greater than those respondent allowed in the notice of deficiency or conceded after trial.

A. <u>Car and Truck Expenses</u>

In support of the claimed miles driven for 2006 petitioner introduced oil change receipts which showed mileage on his various vehicles, emails from Total Impact listing the dates and locations of the stores he was scheduled to

remerchandise, and a daily planner which listed many of the cities he traveled to as well as certain odometer readings from his vehicles. Petitioner introduced fewer supporting documents regarding his 2007 mileage, although he did introduce emails from Total Impact listing the dates and locations of the stores he was scheduled to remerchandise during that year.

On his 2006 Schedule C petitioner claimed a $67,751 deduction for car and truck expenses corresponding to the 152,250 miles he claimed to have driven during that year. Respondent allowed a deduction for $16,431 of these expenses in the notice of deficiency and conceded no additional amounts after trial. After reviewing the records petitioner provided for 2006, we find that petitioner failed to prove that he drove sufficient miles to entitle him to a car and truck expense deduction greater than that respondent already allowed in the notice of deficiency. Because the odometer readings on certain oil change receipts seemed incredible (and in any case did not take into account any personal miles petitioner drove), we chose to rely primarily on the schedules of cities kept by petitioner and sent to him by Total Impact. Using the schedules of cities to calculate the business miles petitioner drove yields a number of miles slightly below the number of miles respondent allowed. As a result we find that petitioner has failed to prove entitlement to any

additional deduction for 2006 car and truck expenses above that respondent already allowed in the notice of deficiency.

On his 2007 Schedule C petitioner claimed a $44,664 deduction for car and truck expenses corresponding to the 92,100 miles he claimed to have driven during that year. Respondent allowed none of this deduction in the notice of deficiency but conceded $8,470 in car and truck expenses after the trial. After reviewing the records petitioner supplied, we find that petitioner has proven he traveled 23,716 miles on business during 2007. Using the standard mileage rate in effect for 2007 of $0.485, we find that petitioner is entitled to a total deduction of $11,503 for car and truck expenses in 2007, or $3,033 above the amount respondent conceded.

B. Travel Expenses

Petitioner claimed $27,929 and $14,185 in travel expense deductions on his 2006 and 2007 Schedules C, respectively. In the notice of deficiency respondent allowed $3,391 of petitioner's claimed 2006 travel expense deduction but none of the claimed 2007 travel expense deduction. After trial respondent conceded an additional $538 of the reported 2006 expenses and $4,123 of the reported 2007 expenses.

In support of his claimed travel expense deductions petitioner introduced a number of hotel reservations and receipts. After reviewing the records petitioner supplied, we find that he has proven entitlement to deduct an additional $1,950 of travel expenses for 2006 and an additional $73 of travel expenses for 2007. These amounts are in excess of the amounts respondent already allowed or conceded.

C. Meal and Entertainment Expenses

Petitioner claimed deductions of $13,331 and $5,077 in meal and entertainment expenses on his 2006 and 2007 Schedules C, respectively. In the notice of deficiency respondent allowed $3,376 of petitioner's claimed 2006 meal and entertainment expense deductions but allowed none of the claimed 2007 deduction. After trial respondent conceded $3,190 of the reported 2007 expenses but no additional 2006 expenses. Respondent allowed both the 2006 and 2007 expenses on a per diem basis.

In support of his claimed meal and entertainment expense deductions, petitioner introduced numerous receipts from restaurants around the country. In addition to the meal receipts, petitioner also introduced a multitude of other receipts from movie theaters, parks, and stores, as well as other evidence of expenditures, such as copies of checks/money orders.

A large number of petitioner's records are insufficient in various ways: (1) many of the meals were paid for with Ms. Tarwater's credit card;[7] (2) many of the receipts do not clearly reflect the business purpose of the expenditure;[8] and (3) many receipts are illegible or else the item purchased is unclear. After reviewing the records petitioner supplied, we find that he has failed to prove entitlement to any additional deductions for meal and entertainment expenses above those already allowed by respondent in the notice of deficiency or conceded after trial.

## III. Section 163 Mortgage Interest Deduction

Section 163(a) allows a deduction for all interest paid or accrued within the taxable year on indebtedness. As an exception, section 163(h) generally disallows a deduction for personal interest. Personal interest, however, does not include qualified residence interest. Sec. 163(h)(2)(D). In general a qualified residence is defined as a taxpayer's principal residence and one other home that is used as a residence by the taxpayer. Sec. 163(h)(4)(A)(i). Qualified residence interest means any interest paid or accrued during a tax year on acquisition indebtedness or home

---

[7]As Ms. Tarwater and petitioner were not married in 2006 or 2007 (petitioner's filing status was "single" during those years), petitioner is not entitled to deduct expenses paid by Ms. Tarwater.

[8]For example a Best Buy receipt for $1,798 was included in petitioner's records. The receipt appears to be for a camera and a warranty. No business purpose for this expense was provided.

equity indebtedness with respect to the taxpayer's qualified residence. Sec. 163(h)(3)(A).

Although petitioner introduced a Form 1098 reflecting $4,390 in total interest, points, and mortgage insurance premiums paid, as well as a timeshare agreement, those items are not sufficient in this case to prove petitioner paid the interest he claims to have paid. The Form 1098 listed three people as the borrowers: petitioner, John D. Morris, and Denise R. Morris. The amount paid by each was not specified. In addition, the timeshare agreement was unsigned and, in any case, listed Ms. Tarwater's credit card information on the page entitled "Authorization for Auto Pay". After reviewing the relevant evidence, we find that petitioner has failed to prove that he paid qualified resident interest above the $874 respondent already allowed in the notice of deficiency.

## IV. Section 6651(a)(1) Failure To File Addition to Tax for 2006

Section 6651(a)(1) provides for an addition to tax for failure to timely file Federal income tax returns (determined with regard to any extension of time for filing) unless the taxpayer shows that such failure was due to reasonable cause, and not willful neglect. Mendes v. Commissioner, 121 T.C. 308, 320 (2003). Regarding the amount of the addition to tax, section 6651(a)(1) provides that "there shall be added to the amount required to be shown as tax on such return 5 percent of

the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate".

Petitioner filed his 2006 return on October 16, 2007, one day after the return was due. Petitioner testified that he "planned on filing the weekend before the deadline, but * * * was delayed in Southern Oklahoma due to work." However, petitioner did not present any additional facts to support whether the delay was due to reasonable cause. Similarly, petitioner did not introduce any facts or argument regarding why he would not have been able to file before leaving for southern Oklahoma. Considering the facts we find petitioner has not established that the delay in filing was due to reasonable cause. Accordingly, we find that petitioner is liable for a 5% section 6651(a)(1) addition to tax.

V. Section 6662(a) Accuracy-Related Penalties

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty if any part of an underpayment of tax required to be shown on a return is due to, among other things, negligence or disregard of rules or regulations or a substantial understatement of income tax. The penalty is 20% of the portion of the underpayment of tax to which the section applies. Sec. 6662(a).

The Commissioner bears the burden of production on the applicability of an accuracy-related penalty in that he must come forward with sufficient evidence indicating that it is proper to impose the penalty.  See sec. 7491(c); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner meets this burden, the burden of proof remains with the taxpayer, including the burden of proving that the penalty is inappropriate because of reasonable cause and good faith. See Higbee v. Commissioner, 116 T.C. at 446-447.

The Commissioner satisfies his burden of production by showing that the understatement meets the definition of "substantial".  See Janis v. Commissioner, T.C. Memo. 2004-117, aff'd, 461 F.3d 1080 (9th Cir. 2006), and aff'd, 469 F.3d 256 (2d Cir. 2006).  An understatement of income tax is "substantial" if it exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).  An "understatement" is defined as the excess of the tax required to be shown on the return over the tax actually shown on the return, less any rebate. Sec. 6662(d)(2)(A).  Even considering the additional deductions we have found petitioner to be entitled to, the understatement of income tax still exceeds the greater of 10% of the tax required to be shown on the return or $5,000 and is thus "substantial".  Respondent has therefore met his burden of production.

The amount of an understatement shall be reduced by that portion of the understatement which is attributable to: (1) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment; or (2) any item if the taxpayer adequately disclosed relevant facts affecting the item's tax treatment in the return or in a statement attached to the return and there is a reasonable basis for the tax treatment of the item by the taxpayer. Sec. 6662(d)(2)(B). Considering the facts and law, we find that neither of these reductions applies in this case.[9]

Pursuant to section 6664(c)(1), the accuracy-related penalty under section 6662 does not apply to any portion of an underpayment for which a taxpayer establishes that he or she: (1) had reasonable cause; and (2) acted in good faith. Dunlap v. Commissioner, T.C. Memo. 2012-126, slip op. at 69. Whether a taxpayer has acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including efforts to assess the proper tax liability, the taxpayer's knowledge and experience, and the extent to which the taxpayer relied on the advice of a tax professional. Sec. 1.6664-4(b)(1), Income Tax Regs.

---

[9]Petitioner made no argument at trial on this point and did not submit a pre- or post-trial brief.

"Generally, the most important factor is the extent of the taxpayer's effort to assess the taxpayer's proper tax liability." Id.

Petitioner prepared his own tax return for 2006 using various receipts and logs, most of which were introduced into evidence. As previously discussed, such evidence was insufficient for us to sustain most deductions petitioner claimed for 2006. Petitioner introduced no other relevant evidence which could establish reasonable cause and good faith in the preparation of his 2006 tax return. Although petitioner testified that many of his records were destroyed, he introduced no corroborating evidence.

Unlike the 2006 return, petitioner's 2007 return was prepared by an unidentified certified public accountant. Petitioner testified that he gave the accountant all relevant information, including a "box of receipts". Although petitioner claims to have followed the advice given to him by his accountant, he has made an insufficient attempt to establish that the reliance was reasonable. See Freytag v. Commissioner, 89 T.C. 849, 888 (1987), aff'd on another issue, 904 F.2d 1011 (5th Cir. 1990), aff'd, 501 U.S. 868 (1991); sec. 1.6664-4(b)(1), Income Tax Regs. We have previously held that--

> for a taxpayer to rely reasonably upon advice so as possibly to negate a section 6662(a) accuracy-related penalty determined by the Commissioner, the taxpayer must prove * * * that the taxpayer meets

each requirement of the following three-prong test: (1) The adviser
was a competent professional who had sufficient expertise to justify
reliance, (2) the taxpayer provided necessary and accurate information
to the adviser, and (3) the taxpayer actually relied in good faith on the
adviser's judgment. * * *

Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299

F.3d 221 (3d Cir. 2002). Considering the records petitioner produced at trial, and

the lack of information supplied regarding the accountant and the records petitioner

supplied to the accountant, we find that petitioner did not satisfy these three

requirements.

Considering the facts and law, we find that petitioner has also failed to prove

he meets the reasonable cause defense of section 6664(c)(1). As previously

discussed, petitioner has also failed to show substantial authority or a reasonable

basis for the positions he took on his 2006 and 2007 tax returns. As a result, we

hold petitioner is liable for the 20% accuracy-related penalty with respect to those

deficiencies for which we have found him liable.

VI. Conclusion

We find petitioner is entitled to deduct $1,950 and $3,106 of the disputed

2006 and 2007 Schedule C expenses, respectively. We also find that petitioner is

not entitled to deduct mortgage interest for 2007 in excess of the $874 respondent

already allowed. Further, we find petitioner liable for the 5% addition to tax under

section 6651(a)(1) for 2006, as well as the 20% section 6662(a) accuracy-related

penalty for both 2006 and 2007.

To reflect the foregoing and concessions by the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.